UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Clarity Diagnostics, LLC,                          Case No. 24-18938-EPK
                                                                  (Jointly Administered)

Clarity Lab Solutions, LLC,                     Case No. 24-19243-EPK

         Debtors.                                    Chapter 11
_____/

**MOTION TO EITHER (A) COMPEL BREVET
TO DESIGNATE COLLECTIONS FIRM OR, IN THE
ALTERNATIVE, (B) VOLUNTARILY DISMISS CASES.**

       Clarity Diagnostics, LLC ("Clarity Diagnostics") and Clarity Lab Solutions, LLC ("Clarity Labs, and together with Clarity Diagnostics, the "Debtors"), pursuant to 11 U.S.C. § 1112(b), request that the Court either compel creditor FCS Advisors LLC *d/b/a* Brevet Capital Advisors ("Brevet") to designate or retain a collections firm to effectuate the collection of the Debtors' accounts receivable generated for Covid testing (the "Debtors' Covid A/R") or, in the alternative, dismiss the Debtors' bankruptcy cases. In support, the Debtors' state as follows:

       1.      The Debtors respectively filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on August 30, 2024 and September 10, 2024. The Debtors are managing their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

       2.      Clarity Diagnostics was a wholesale manufacturer located in Boca Raton, Florida that provides diagnostics test kits for *e.g.* strep throat and the flu to distributors. Clarity Labs was an affiliated clinical laboratory that conducted

medical tests.

3. On January 17, 2025, the Court held a hearing and then entered its *Order Granting Sale Free and Clear of Liens, Claims, and Encumbrances and Related Relief* [ECF No. 191] (the "Sale Order"), wherein the Court approved the Debtors' agreement with Clarity Lab Group LLC (the "Purchaser") to sell most of the Debtors' assets to the Purchaser pursuant to an agreement memorialized in a term sheet.

4. Pursuant to such sale transaction, Brevet, a secured creditor of the Debtors, received cash, as well as a beneficial interest in the Debtors' Covid A/R. Sale Order, Term Sheet, ¶¶4 and 11. Further, the sale transaction approved by the Court provides that, from up to $5,000,000 in cash stemming from net collections of the Debtors' Covid A/R, Brevet shall pay 7.5% of such net collections to the Debtors' estates. *Id.* at ¶11. In order to facilitate Brevet's collection of the Debtors' Covid A/R, the terms of the sale transaction provide that the Debtor's bankruptcy cases shall remain open for the lesser of two years or when no longer necessary to facilitate such collection. *Id.* at 11.

5. Due to the sale, the Debtors are no longer operating their former businesses, and the Debtors' estates are administratively insolvent.

6. Moreover, because the Debtors' bankruptcy cases remain open, the Debtors continue to incur administrative expenses, deepening such administrative insolvency.

7. Further, Brevet has still not designated or retained a firm to collect the Debtors' Covid A/R. *See* email correspondence attached hereto as **Exhibit A**. Upon

information and belief, Brevet has not otherwise collected any of the Debtors' Covid A/R.

8. Therefore, the Debtors submit that it is no longer necessary to keep their bankruptcy cases open to facilitate Brevet's collection efforts. And given the Debtors' lack of business operations and assets—and the estates' deepening administrative insolvency—the Debtors submit that cause exists to dismiss the Debtors' bankruptcy cases.

9. Accordingly, the Debtors request that the Court compel Brevet to designate or retain a collections firm or agent to effectuate the collection of the Debtors' Covid A/R.

10. Alternatively, the Debtors request that the Court dismiss the Debtors' bankruptcy cases.

**WHEREFORE**, the Debtors requests that the Court either compel Brevet to designate or retain a collections firm or agent to effectuate the collection of the Debtors' Covid A/R or, in the alternative, Dismiss the Debtors' bankruptcy cases.

                                                                 **SHRAIBERG PAGE P.A.**

                                                Attorneys for the Debtors
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law
ependergraft@slp.law

By: */s/ Bradley S. Shraiberg*
     Bradley S. Shraiberg
     Florida Bar No. 121622
     Eric Pendergraft
     Florida Bar No. 91927

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on May 13, 2025

*/s/ Bradley S. Shraiberg*

# EXHIBIT A

| | |
|---|---|
| **From:** | Eric Pendergraft |
| **Sent:** | Tuesday, May 13, 2025 12:46 PM |
| **To:** | Eric Pendergraft |
| **Subject:** | FW: Clarity |

**From:** Taylor, Joshua <jrtaylor@steptoe.com>
**Sent:** Thursday, April 24, 2025 11:55 AM
**To:** Brad S. Shraiberg <bss@slp.law>; Reisner, Jeffrey <jreisner@steptoe.com>
**Cc:** Brian Rich <BRich@bergersingerman.com>
**Subject:** RE: Clarity

[External Email]
Brad,
     We are still working on the vendor and may be pursuing that shortly.

Josh

**From:** Brad S. Shraiberg <bss@slp.law>
**Sent:** Wednesday, April 23, 2025 1:04 PM
**To:** Reisner, Jeffrey <jreisner@steptoe.com>; Taylor, Joshua <jrtaylor@steptoe.com>
**Cc:** Brian Rich <BRich@bergersingerman.com>
**Subject:** [EXTERNAL] Clarity

I hope all is well.  To date, the debtor has not received a request to hire a vendor to collect the covid receivables.  We are getting heat from both the court and the UST to close this case.  Do you have an objection to us filing a motion to close at this time?

Let me know and I am available to discuss.

Thanks!



Bradley S. Shraiberg
Shraiberg Page P.A.
2385 N.W. Executive Center Dr.
Suite 300
Boca Raton, FL 33431
(561) 443-0800 Main
(561) 443-0801 Direct
(561) 998-0047 Fax



🌲Please consider the environment before printing this e-mail.

TREASURY DEPARTMENT CIRCULAR 230 DISCLAIMER: To ensure compliance with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including any attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.  (The foregoing statement is made in accordance with Circular 230, 31  C.F.R. Part 10.) The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message and any attached documents contain information from the law firm Steptoe LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.