UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

| | |
|---|---|
| Clarity Diagnostics, LLC, | Case No. 24-18938-EPK |
| | (Jointly Administered) |
| Debtor._____/ | Chapter 11 |

In re:

| | |
|---|---|
| Clarity Lab Solutions, LLC, | Case No. 24-19243-EPK |
| Debtor._____/ | Chapter 11 |

**APPLICATION TO EMPLOY THOMAS G. ZEICHMAN, ESQ. AND BEIGHLEY, MYRICK, UDELL, LYNNE AND ZEICHMAN AS <u>SPECIAL LITIGATION COUNSEL EFFECTIVE</u>**

Clarity Diagnostics, LLC and Clarity Lab Solutions, LLC (the "<u>Debtors</u>"), by and through undersigned counsel, files this *Application to Employ Thomas G. Zeichman, Esq. and Beighley, Myrick, Udell, Lynne & Zeichman as Special Litigation Counsel Effective as of September* (the "<u>Application</u>"), seeking entry of an Order, on an interim and final basis, pursuant to § 327(a) of the Bankruptcy Code[1], Rules 2014(a), 2016, and 6003 of the Federal Rules of Bankruptcy Procedure,[2] and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court

---

[1] 11 U.S.C. §§ 101 *et seq*.
[2] The Federal Rules of Bankruptcy procedure shall be cited as "Fed. R. Bankr. P. __" through this Application.

of the Southern District of Florida (the "Local Rules")[3], authorizing the employment and retention of Thomas G. Zeichman, Esq. and the law firm Beighley Myrick Udell Lynne & Zeichman ("Proposed Special Litigation Counsel") as special litigation counsel to the Debtors and Debtors' estate. In support hereof, the Debtors state as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Application are sections 327(a), 328(a) and 330 of the Bankruptcy Code, Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

## Background

4. This case was commenced by the filing of a voluntary petition under Chapter 11, Subchapter V, of the Bankruptcy Code on June 20, 2024 [ECF No. 1].

5. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtor is managing its affairs as a debtor-in-possession. As of the date hereof, no trustee, examiner or statutory committee has been appointed in this Chapter 11 case.

## Requested Relief

---

[3] The Local Rules of the United States Bankruptcy Court for the Southern District of Florida shall be cited as "Local Rule _____" or "Local Rules _____" throughout this Application.

6. The Debtor wishes to employ Proposed Special Litigation Counsel located at 2385 NW Executive Center Drive, Suite 300, Boca Raton, FL 33431-8579, phone number (561) 549-9036, email: tzeichman@bmulaw.com, for any adversary proceedings, contested matters, or litigation related to the collections contemplated by the Sale Order (ECF No. 191).

7. Proposed Special Counsel has extensive experience in business disputes, bankruptcy litigation, and has the knowledge and wherewithal to engage in the potentially contentious litigation that will ensue.

## Basis for Requested Relief

8. The Debtor seeks entry of an order authorizing the employment and retention of Proposed Special Litigation Counsel pursuant to Bankruptcy Code §§ 327(e) and 330, Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

9. Proposed Special Litigation Counsel has considerable experience in rendering legal services in matters of this kind and is well qualified to perform the services required by the Debtor.

10. To the best of Debtors' knowledge, Proposed Special Litigation Counsel does not have any connection with the creditors or other parties in interest or their respective attorneys, nor represents any interest adverse to the Debtor or the estate other than what is disclosed in Exhibit "A."

11. A declaration of Proposed Special Litigation Counsel demonstrating that Proposed Special Litigation Counsel is disinterested as required by 11 U.S.C. §

327(a), along with verified statements as required under Bankruptcy Rule 2014, is attached to this Application as Exhibit "A".

12. Proposed Special Litigation Counsel shall be compensated in accordance with 11 U.S.C. § 330 and based upon an hourly fee arrangement for attorney's fees plus costs for services in connection with same. Fees and costs will be subject to the Bankruptcy Court's approval and proper fee application. A copy of the Engagement Letter with Proposed Special Litigation Counsel is attached to this Application as Exhibit "B". Proposed Special Litigation Counsel seeks a $5,000.00 retainer which the proposed collections agent Crown Medical Collections, LLC has provided. Further, Crown Medical Collections, LLC will be responsible for payment of Special Litigation Counsel's fees.

13. The Debtor believes this to be in the best interest of the estate and would ask that the Court approve the employment and retention of Proposed Special Litigation Counsel. Proposed Special Litigation Counsel will be providing essential services to the Estate, as expedient resolution of the litigation matters at hand will allow the Debtor to refocus efforts and attention to matters pertinent to daily business operations.

14. No prior application has been made to this or any other Court for the relief requested herein.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order (i) approving the Application, (ii) approving the employment and retention of Thomas G. Zeichman, Esq. and Beighley Myrick Udell Lynne & Zeichman as special

litigation counsel to the Debtor effective as of the Petition Date to handle the matters described herein; and (iii) for such other and further relief as this Court deems just and proper.

Dated: October 30, 2025

                                Respectfully Submitted,

                                Clarity Diagnostics, LLC
                                Clarity Lab Solutions, LLC

By: *Richard Simpson*
      Richard Simpson (Oct 30, 2025 15:15:09 EDT)
      Richard Simpson
      Manager

SHRAIBERG PAGE P.A.
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law

By: /s/ Bradley S. Shraiberg
      Bradley S. Shraiberg
      Florida Bar No. 121622

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on October 31, 2025.

                                /s/ Bradley S. Shraiberg
                                Bradley S. Shraiberg

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Clarity Diagnostics, LLC,                                              Case No. 24-18938-EPK
                                                                       (Jointly Administered)

           Debtor.                                                     Chapter 11
_____/

In re:

Clarity Lab Solutions, LLC,                                            Case No. 24-19243-EPK

           Debtor.                                                     Chapter 11
_____/

**DECLARATION[1] OF THOMAS G. ZEICHMAN IN SUPPORT OF APPLICATION TO EMPLOY THOMAS G. ZEICHMAN, ESQ. AND BEIGHLEY, MYRICK, UDELL, LYNNE AND ZEICHMAN AS SPECIAL LITIGATION COUNSEL**

Thomas G. Zeichman, Esq. declares as follows:

1. I am an attorney admitted to practice in the State of Florida.

2. I am an attorney at Beighley, Myrick, Udell, Lynne Zeichman with offices located at 2385 NW Executive Center Drive, Suite 300, Boca Raton, FL 33431-8579, phone: 561-549-9036, email: tzeichman@bmulaw.com.

3. This Declaration is in support of the Application to serve as special counsel with Crown Medical Collections, LLC in the jointly administered cases of Clarity Diagnostics, LLC, Case No. 24-18938-EPK and Clarity Lab Solutions, LLC,.

4. Neither I nor the Firm represent any interest adverse to the estate, its creditors or any other party in interest herein, the United States Trustee or anyone employed in the United States Trustee's office or their respective attorneys.

---

[1] This Declaration is being made pursuant to 28 U.S.C. § 1746.

5. Neither I nor the Firm (i) are a creditor of the estate, (ii) is or has been an employee of the Debtor, (iii) is or has been an officer or director of the Debtor, or an insider of the Debtor as that term is defined in Section 101(31) of the Bankruptcy Code, (iv) presently represent or represented a creditor or equity security holder of the Debtor, or a person otherwise adverse or potentially adverse to the Debtor, on any matter that is related to the Debtor or to the Debtor's estate, nor (v) has any other interest, direct or indirect, which may affect or be affected by the proposed representation.

6. I am a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code.

7. I understand and agree that payment of fees and expenses are subject to proper application and Court approval and will be subject to interim and final review and approval by the Court.

8. There are no pre-petition fees owed to me or my Firm.

9. My Firm and I have not accepted, nor will not accept, any form of compensation from any other person or parties in this case except those payments specifically authorized by the Court.

10. To the best of my knowledge, no promises have been received by me as to compensation to be received in this proceeding other than as set forth herein. Additionally, I do not have any agreement with any other entity to share with such entity any compensation received by me or my Firm in connection with this proceeding.

*I declare under penalty of perjury that the foregoing is true and correct.*

*Executed on* __10/30/2025__

*Thomas Zeichman*
Thomas G. Zeichman, Esq.
*Proposed Special Litigation Counsel*

2

# EXHIBIT B



Reply to:
Thomas Zeichman
Beighley, Myrick, Udell, Lynne + Zeichman, PA
Phone: (561) 549-9036
Email: tzeichman@bmulaw.com

FCS Advisors, LLC d/b/a Brevet Capital Advisors

Clarity Diagnostics, LLC

Clarity Lab Solutions, LLC

**Re:    Retention of Beighley, Myrick, Udell, Lynne + Zeichman with representation in a Chapter 11 Bankruptcy as Special Counsel**

Dear authorized representatives and managers:

We are very pleased that you have asked us, Beighley, Myrick, Udell, Lynne + Zeichman PA (the "Firm") to serve as special counsel with Crown Medical Collections, LLC in the jointly administered cases of Clarity Diagnostics, LLC, Case No. 24-18938-EPK and Clarity Lab Solutions, LLC, Case No. 24-19243-EPK with regard to the above-referenced matter in connection with collections contemplated by the Sale Order (ECF No. 191). The Firm will represent on an hourly fee basis. This letter constitutes the entire agreement, describes the terms of the relationship, and sets forth the general terms of our assistance in connection with the above-referenced matter. This letter shall control all obligations set forth herein except as may be subsequently agreed upon in writing.

The scope of this engagement is as special counsel in the jointly administered cases of Clarity Diagnostics, LLC, Case No. 24-18938-EPK and Clarity Lab Solutions, LLC, Case No. 24-19243-EPK case for any adversary proceedings, contested matters, or litigation related to the collections contemplated by the Sale Order.

I will be the primary attorneys taking responsibility ("Attorney in Charge") for your legal matter. My hourly rate for this engagement is $550.00. With that said, the Firm makes every effort to utilize associates to draft documents and attend hearings whenever possible. Our associates and partners bill between $300.00 and $750.00 an hour. Our hourly rates are subject to change from time to time.

<u>Security for Fees</u>: Florida law provides the Firm with the right to impose a lien upon documents, money and other intangibles and materials coming into possession by the Firm to secure the payment of its fees and expenses. This retaining lien, as well as appropriate charging liens, may be asserted by the Firm in appropriate circumstances. Additionally, we have requested a $5,000.00 retainer from non-debtor funds which has been provided by Crown Medical Collections, LLC who will also be responsible for payment of the Firm's fees.

BMUL+Z: Durham Homes USA Retainer
Page 2

In a Chapter 11 case, the Firm is prohibited from billing the client without first seeking Bankruptcy Court approval. Therefore, not only will you have an opportunity to review the Firm's bills prior to being invoiced, so will the creditors, the United States Trustee, and the Court.

It is imperative that you acknowledge that the Firm <u>does not</u> individually represent: (1) you; (2) any individual officer, director, manager or member of the Client; or (3) any newly formed entity that seeks to purchase the operating entity's assets (if applicable).

By executing this agreement, you agree that the Firm has a right to withdraw from your case in the event that a contested issue arises and you refuse to provide an additional retainer. In the event that a bankruptcy trustee is appointed and/or this case converts to one under Chapter 7, the Client agrees that the Firm has a right to withdraw.

We will endeavor to serve the Client effectively and strive to represent its interests vigorously and efficiently. Any expressions on our part concerning the cost or outcome of your legal matters are expressions of our best professional judgment, but are not guarantees. Such opinions are necessarily limited by our knowledge of the facts and are based on the state of the law at the time they are expressed. For us to provide these services most effectively, we require you to disclose fully and accurately all pertinent facts and keep us apprised of all developments in the matter. Please cooperate with us and be available to attend meetings, conferences, hearings, and other proceedings as appropriate.

Please review this letter in its entirety. If you have any questions or concerns regarding the foregoing terms and conditions, please do not hesitate to contact either one of us. **Please acknowledge your understanding and approval of all the terms and conditions contained in this letter by signing and returning a copy of this letter to the undersigned.** We will begin our representation upon receipt of the executed copy of this letter and the retainer amount as stated above.

                Beighley, Myrick, Udell, Lynne + Zeichman, PA

                By:_____

                Thomas Zeichman, Esq.

All the terms and conditions contained in this letter have been **REVIEWED, ACKNOWLEDGED AND ACCEPTED**.

Clarity Diagnostics, LLC
Clarity Lab Solutions, LLC

By: *Richard Simpson*
    Richard Simpson (Oct 30, 2025 15:17:13 EDT)
    Richard Simpson, solely
    as President/Manager