UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Clarity Diagnostics, LLC,                                   Case No. 24-18938-EPK
                                                            (Jointly Administered)

         Debtor.                                            Chapter 11
_____/

In re:

Clarity Lab Solutions, LLC,                                 Case No. 24-19243-EPK

         Debtor.                                            Chapter 11
_____/

**APPLICATION TO EMPLOY CROWN MEDICAL
COLLECTIONS, LLC AS COLLECTIONS AGENT**

Clarity Lab Solutions, LLC (the "**Debtor**"), by and through its undersigned counsel and

pursuant to 11 U.S.C. § 327(a), Federal Rules of Bankruptcy Procedure 2014 and 2016, and Local

Rules 2014-1 and 2016-1, hereby requests that the Court authorize the Debtor to employ Crown

Medical Collections, LLC ("**Crown**") as collections agent for the Debtor's estate. In support, the

Debtor respectfully states as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.      On August 30, 2024, Clarity Diagnostics, LLC filed a voluntary petition for relief

under Chapter 11 of the Bankruptcy Code. On September 10, 2024, Clarity Lab Solutions, LLC

1

filed its voluntary petition under Chapter 11. The cases are jointly administered under Lead Case No. 24-18938-EPK. Dkt. No. 37.

4. No trustee or examiner has been appointed in this matter. The United States Trustee has not appointed a statutory committee in this matter.

5. Prior to their bankruptcy filings and sale described below, the debtors Clarity Diagnostics, LLC and Clarity Lab Solutions, LLC were involved in the medical diagnostics business. Specifically, Clarity Diagnostics, LLC was a wholesale manufacturer of diagnostic test kits. Clarity Lab Solutions, LLC was a clinical laboratory that conducted medical tests, including COVID-19 tests. The Debtor (Clarity Lab Solutions, LLC) previously generated substantial accounts receivable owed by commercial insurers, government payors, and other parties arising from COVID-19 diagnostic testing (the "**COVID A/R**").

6. On January 17, 2025, the Court entered its *Order Granting Sale Free and Clear of Liens, Claims, and Encumbrances and Related Relief* [Dkt. No. 191] (the "**Sale Order**"). Pursuant to the Sale Order and the term sheet incorporated therein, substantially all of the Debtors' assets[1] were sold to Clarity Lab Group, LLC, and all beneficial interests in, and rights to control and make decisions regarding the collection of, the COVID A/R were assigned to FCS Advisors, LLC d/b/a Brevet Capital Advisors ("**Brevet**") as Lender.

7. Notwithstanding the assignment of the COVID A/R to Brevet, the Debtor's estate retains a continuing economic interest in the collection of the COVID A/R. Under the Sale Order, from the first $5,000,000 of Net Collections the estate is entitled to receive a payment equal to 7.5% of Net Collections actually received (the "**Estate Payment**"), and these jointly administered cases remain open for the express purpose of facilitating the collection of the COVID A/R for the

---

[1] The assets of both above-captioned debtors were sold.

lesser of two years from the sale closing or until such collection is no longer necessary (the "**Collection Period**").

8. On November 26, 2025, the Court approved the employment of Thomas G. Zeichman, Esq. (**"Special Litigation Counsel"**) as special litigation counsel as it relates to collections. Dkt. No. 348. Special Litigation Counsel's role is limited to adversary proceedings, contested matters, and litigation related to the collection of the COVID A/R. The terms of such employment provide that Crown shall be responsible for payment of Special Litigation Counsel's fees.

9. Crown's retention sought herein is complementary and non-duplicative: Crown will perform the non-litigation collection function, while Special Litigation Counsel handles any contested litigation that may arise.

## Relief Requested

10. By this Application, the Debtor seeks entry of an order authorizing the employment and retention of Crown as collections agent for the Debtor's estate pursuant to 11 U.S.C. § 327(a), effective as of the date of this Application, to render the services described below in connection with the collection of the COVID A/R.

11. The Debtor notes that it previously filed an application to employ Crown, Dkt. 64, which was subsequently withdrawn before the sale closed. Dkt. No. 196. However, circumstances have since materially changed: the Sale has closed; the respective interests of the Debtor, Brevet, and the purchaser have been fixed by the Sale Order; the estates' retained interest in collections (the Estate Payment) has been established; and the cases remain open during the court-ordered Collection Period for the specific purpose of collecting the COVID A/R. This Application is made in light of those changed circumstances.

12. Subject to the Court's approval, Crown will render collection services with respect to the COVID A/R, including, without limitation: (a) billing, follow-up, and pursuit of payment from commercial insurers, government payors, and other obligors; (b) negotiation and resolution of disputed and underpaid claims; (c) maintenance of records of gross collections, costs of collection, and net proceeds; and (d) coordination with Special Litigation Counsel as to any account requiring contested litigation.

13. For such services, the Debtor requests that Crown be compensated at the rate of thirty percent (30%) of gross collections on the COVID A/R.[2]

14. Crown is a professional medical-receivables collection firm with specialized expertise in the collection of healthcare receivables, including COVID-19 diagnostic testing claims and the associated commercial and governmental reimbursement disputes. Crown's services are necessary and beneficial to the estates because the estates hold a retained interest in the collection of the COVID A/R through the Estate Payment, and the cases remain open during the Collection Period for the purpose of effectuating that collection. Crown's employment will maximize collections and, in turn, the estates' recovery.

15. As set forth in the sworn statement of Crown's principal, Richard Hersperger, attached hereto as **Exhibit A**, aside from proposing to perform collections work that will also inure to the benefit of Brevet, Crown does not hold or presently represent any parties with interests adverse to the Debtor's estate. Crown is thus a disinterested person qualified to represent the Debtor in this case.

---

[2] Consistent with the Sale Order's definition of "Net Collections" as collections net of all costs of collection (including the collection agent's costs), Crown's 30% fee constitutes a cost of collection that is accounted for before computation of the Estate Payment, such that the estates' 7.5% Estate Payment is calculated on Net Collections.

**WHEREFORE**, the Debtor respectfully requests entry of an order authorizing the Debtor to employ Crown Medical Collections, LLC as collections agent with respect to the COVID A/R upon the 30% gross terms set forth above.

Respectfully submitted,

**SHRAIBERG PAGE P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law
ependergraft@slp.law

By:    /s/ Bradley S. Shraiberg
Bradley S. Shraiberg, Esq.
Florida Bar No. 121622
Eric Pendergraft, Esq.
Florida Bar No. 91927

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on July 10, 2026 at the email addresses listed below.

/s/ Bradley S. Shraiberg

5

Served via CM/ECF:

- **Paul A Avron**    pavron@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.inforuptcy.com
- **Eyal Berger**    eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Patrick R Dorsey**    pdorsey@slp.law,
  dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com;mortman@slp.law
- **Heidi A Feinman**    Heidi.A.Feinman@usdoj.gov
- **Robert C Furr**    ltitus@furrcohen.com,
  atty_furrcohen@bluestylus.com;staff1@furrcohen.com;FurrRR84158@notify.bestcase.com;yfernandez@furrcohen.com;shurayt@furrcohen.com
- **Samuel W Hess**    shess@slp.law,
  dwoodall@slp.law;pmouton@slp.law;shess@ecf.courtdrive.com;mortman@slp.law
- **Alan C Hochheiser**    ahochheiser@mauricewutscher.com,
  8371350420@filings.docketbird.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Eric S Pendergraft**    ependergraft@slp.law,
  dwoodall@slp.law;mortman@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **Geoffrey J Peters**    colnationalecf@weltman.com, colnationalecf@weltman.com
- **Brian G Rich**    brich@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.courtdrive.com;rdodson@bergersingerman.com
- **Zach B Shelomith**    zbs@shelomith.law,
  info@shelomith.law;alt@shelomith.law;agp@shelomith.law;drp@shelomith.law;mpc@shelomith.law;Shelomith.ZachB.B105131@notify.bestcase.com;zshelomith@ecf.inforuptcy.com
- **Bradley S Shraiberg**    bss@slp.law,
  dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law;mortman@slp.law
- **John R Yant**    ryant@carltonfields.com, epritchett@carltonfields.com
- **Thomas G Zeichman**    Tom@Zeichmanlaw.com,
  g67999@notify.cincompass.com;zeichman.thomasb@notify.bestcase.com
- **George L. Zinkler**    gzinkler@loriumlaw.com, ecf.zinkler@loriumlaw.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Clarity Diagnostics, LLC,                                  Case No. 24-18938-EPK
                                                           (Jointly Administered)

        Debtor.                                    Chapter 11

_____/

In re:

Clarity Lab Solutions, LLC,                                Case No. 24-19243-EPK

        Debtor.                                    Chapter 11

_____/

## <u>SWORN STATEMENT OF RICHARD HERSPERGER</u>

Richard Hersperger, pursuant to 28 U.S.C. § 1746, states:

1.      I am the Chief Executive Officer of Crown Medical Collections, LLC ("Crown") with offices located at 110 W. High Street, Ebensburg, Pennsylvania 15931.

2.      I am familiar with the matters set forth herein and make this sworn statement in support of the above-captioned Debtors' application to employ the Crown as collections agent.

3.      Unless it otherwise states, this sworn statement is based upon facts of which I have personal knowledge.

4.      A search of Crown's conflict check index system reveals that Crown does not presently represent any parties with interests adverse to the Debtors' estates. With that said, the work performed by Crown on behalf of the Debtors' estates will, by virtue of the sale terms approved by the Court in its *Order Granting Sale Free and*

*Clear of Liens, Claims, and Encumbrances and Related Relief* [Dkt. No. 191], also inure to the benefit of creditor FCS Advisors, LLC d/b/a Brevet Capital Advisors ("Brevet") due to the fact that, pursuant to such sale, all beneficial interests in, and rights to control and make decisions regarding the collection of, the Debtors' accounts receivable arising from COVID-19 diagnostic testing (the "COVID A/R") were assigned to Brevet, with the Debtors' estates retaining a continuing economic interest in the collection of the COVID A/R.

5.    This concludes my declaration.

I declare under penalty of perjury that the foregoing is true and correct.


Richard Hersperger
_____
Richard Hersperger

2